AMERICAN ROAD-MACH. Co. *v.* GOULD *et al.*

(*Circuit Court, N. D. Illinois.* July 22, 1890.)

1. PATENTS FOR INVENTIONS—NOVELTY.
    The following specification of patent No. 362,679, granted May 10, 1887, to George W. Taft, is not void for want of novelty: "(13) In a machine for making roads, the combination of a carriage or body frame, supported on front and rear traveling wheels, a diagonally disposed scraper-blade extending across and supported beneath said body-frame, and an extended longitudinally adjustable rear axle, whereby one of the rear traveling wheels can be projected laterally beyond the working line of said diagonal scraper-blade, for the purpose set forth."

2. SAME—INFRINGEMENT.
    Though, in addition to this long lateral, movable axle, the machine patented has a device for adjusting the frame on the axle by means of a rack and pinion, the patent is infringed by a machine having the long hind axle, on which the frame is fastened by clamps held in place by nuts, the loosening of which enables the operator to shift the frame on the axle.

In Equity.
*Dupee, Judah & Willard,* for complainant.
*E. H. Gary,* for defendants.

BLODGETT, J. In this case the defendants are charged with the infringement of patent No. 362,679, granted May 10, 1887, to George W. Taft, for a "machine for making, repairing, and cleaning roads." The scope and object of the invention, as stated in the specifications, relate "to improvements in that class of road-working machines in which a diagonally disposed scraper or plowing blade is mounted in connection with a wheeled carriage or supporting body, and provided with mechanism whereby the scraper can be adjusted to the different required working positions. * * * Another important object is to provide in a diagonal road-scraper or road-working machine a shifting rear axle, whereby the relation of the rear end of the body and the rear traveling wheels can be varied or changed to meet different conditions of work to be performed." The construction of the machine in the particular mentioned in the last paragraph consists mainly in a hind axle much longer than the width of the frame which carries the scraper, and the frame so mounted on its axle that the axle may be slid laterally in either direction, so that the frame may be nearer to one hub than the other, and the advantages of this feature in the construction are stated in the patent to be that "it in a great measure overcomes rocking action of the body of the machine as the wheels pass over uneven ground. It also permits of the rear wheel being set over, as indicated by dotted lines, (Fig. 3,) so as to brace against the bank when plowing the second round, or when moving the earth turned up by the first furrow from the shoulder of the road further in towards the center of the road. It also allows an adjustment of the wheels, so that the windrow of earth can be deposited inside the line of the wheel when desired, so that the wheel can get support against the windrow. It also allows adjustment to avoid chopping action of the blade, by reason of the wheels running over clods when the machine is cutting deep, as well as facilitating changes in the relative

position of the rear wheels and carriage body, to meet or correspond with different positions of angular adjustment." The patent has 22 claims, covering many features of the machine not now in controversy, but infringement is charged in this case only of the thirteenth claim, which is:

"(13) In a machine for working roads, the combination of a carriage or body frame, supported on front and rear traveling wheels, a diagonally disposed scraper-blade extending across and supported beneath said body frame, and an extended longitudinally adjustable rear axle, whereby one of the rear traveling wheels can be projected laterally beyond the working line of said diagonal scraper-blade, for the purpose set forth."

The defenses insisted upon are: (1) Want of patentable novelty. (2) That defendants do not infringe.

In support of their defense of want of patentable novelty defendants have introduced a large number of United States patents upon wheel plows, cultivators, seeding-machines, ditching-machines, and road-scrapers. I do not think there is any analogy between the machine now in question and the plow, cultivator, and seeding-machine patents which have been cited on the part of the defendants, as it is quite evident to me from the proof in the case that the purposes for which the movable axle of the complainant is used is widely different from that of the extensible axles in sulky plows, cultivators, etc. The proof also shows two or more patents for ditching-machines, where the frame carrying the ditching mechanism is movable upon the axles, the object of such adjustment being to allow the wheels, or a portion of them, to travel upon the bank while the cutting or ditching mechanism is working in the ditch. Several patents are also shown upon two-wheel road-scrapers, where the frame carrying the scraper is adjustable laterally upon the axle of the carrying wheels, of which the patents to Benedict & Cumming, of May, 1860, and the patent to Fleming, of June, 1883, are perhaps, all things considered, as good types as any which can be selected from the numerous exhibits introduced. There is also a patent on a four-wheel road-scraper, granted to Cook, in September, 1885, which has an extensible forward axle, that is, means for shortening and extending the forward axle for certain purposes in connection with working the machine; but this feature of construction is recognized by the patentee in the patent now before the court, and a disclaimer inserted in the patent. From the proof in the case it appears that in a four-wheel road-scraper much difficulty is encountered by the side movement, or "slewing," as it is called, of the scraper from the line of draught, by reason of the side pressure upon the scraper when working diagonally, and the chief utility of this movable axle, as covered by the thirteenth claim, is that the wheel may be made to run in a rut, or bear against the vertical side of the ditch by the roadside or a furrow, so as to prevent this slewing movement of the portion of the structure which carries the scraper, and in the working of the machine it may be adjusted to any other conformation of the ground which furnishes a guide or abutment against which the wheel may be caused to run so as to prevent this sideways or slew-

ing motion. And it also appears from the proof that this difficulty does not apply to two-wheel machines, where there is a rigid connection between the team and the frame of the machine by means of the tongue, so that the team guides and controls the line in which the scraper works. In all the older devices which have been cited and put in evidence in this case I fail to find any four-wheel machines which contain the combination of elements covered by the thirteenth claim in question, and I have no doubt from the proof that the addition of this extended and adjustable axle to the road-machine has worked a decided and valuable improvement in the efficiency of the machine. I therefore conclude that the defense of want of patentable novelty is not substantiated by the proof, although I am free to admit that the patent stands upon narrow footing, and must, under the terms of the claim, and in the light of the prior art, be strictly confined to four-wheel scrapers, containing the elements of this claim or their known equivalents.

As to the claim that defendants do not infringe. The complainant's machine not only shows this long lateral, movable axle, but it also shows a device for adjusting the frame upon the axle, by means of a rack and pinion, and it is insisted with much persistency on the part of the defendants that, inasmuch as the defendants do not use a rack and pinion for the purpose of changing the adjustment of the frame upon the axle, hence the defendants do not infringe; but it will be noticed that the claim does not cover the means by which the adjustment is effected, but only the extended longitudinally adjustable rear axle, in combination with the other elements of the claim. A model of the defendants' machine is put in evidence in the case, showing a long hind axle, upon which the frame carrying the scraper is fastened by means of clips or clamps held in place by nuts, the loosening of which enables the operator to shift the position of the frame upon the axle as readily as the complainant's frame is shifted upon the axle. It is true, the work of shifting the position of the frame on the axle must be done by hand, but that, in my estimation, makes no difference. The feature of longitudinal adjustability is in the defendants' machine as clearly and for practical purposes probably as completely as in the complainant's, and hence I am compelled to find that the defendants infringe the thirteenth claim of complainant's patent as charged. A decree may be prepared finding that defendants infringe the thirteenth claim, and ordering an accounting.